# Tree, Appellant, v. American Lime & Stone Co. et al.

*Landlord and tenant—Lease for store purpose—Covenant against lessor permitting other business—Equity—Injunction—Gasoline station.*

1. Where a lease of land in a village, on which to erect a building wherein to conduct a general mercantile business in the village, contains a covenant by the lessor not to finance or permit to be operated any other mercantile business on any property belonging to it, the lessee cannot restrain the lessor from leasing land to another, situate about a mile from the village for use as a store, where, in a bill for an injunction, the court found, on sufficient evidence, that such land was completely outside of the village, and that the competition feared by the lessee and for which he sought the injunction was not the conduct of a mercantile business, but the operation of a gasoline station, which was not in the minds of the parties when the lease was executed.

Argued April 21, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 130, Jan. T., 1927, by plaintiff, from decree of C. P. Huntingdon Co., Sept. T., 1925, No. 279, dismissing bill in equity, in case of Mike Tree v. American Lime & Stone Co. and Robert Charles. Affirmed.

Bill for injunction.  Before BAILEY, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*William Wallace Chisolm* and *James S. Woods,* for appellant.—This agreement between the two companies and Mike Tree was not an unreasonable restraint of trade and could not be set aside for that purpose: Henschke v. Moore, 257 Pa. 196.

*William A. Hicks,* with him *Chester D. Fetterhoof* and *Robert W. Owens,* for appellees.—The court will take judicial notice of the fact that in these modern times the erection, maintenance and operation of gasoline and oil stations, under the name of service stations, is a separate and distinct business of its own and is universally recognized as such: Manorville Boro. v. Flenner, 87 Pa. Superior Ct. 84.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 16, 1927:

Mike Tree, plaintiff and appellant, complains because the court below refused to restrain the American Lime & Stone Co., first defendant, from leasing to Robert Charles, second defendant, certain premises owned by that concern at "Shoenberger Station"; and also, because the court refused to enjoin Charles from erecting a building on the property in question, and from "engaging in mercantile business [on such land] at Shoenberger Station," in competition with plaintiff.

On April 15, 1924, defendant company and another corporation entered into a contract with plaintiff, which recites that the company owned "considerable property in the Village of Pemberton"; that Tree proposed to lease from the company "a small tract or parcel of ground in the Village of Pemberton," on which to erect

a storeroom or building wherein to conduct "a general mercantile business in said Village of Pemberton"; that the arrangement between plaintiff and defendant company was made "in order to properly provide necessary and requisite facilities and accommodations for the workmen at the manufacturing plants" of the company. In this contract it is mutually agreed that the two companies "will neither finance nor permit to be operated any other store or mercantile establishment upon any property belonging to either of [them], for [the term of the proposed lease and renewals thereof]."

In pursuance of the above contract, a lease was made for a piece of ground, 100 feet front, on the main road "in the Village of Pemberton," wherein it was stipulated that "said lot......shall be used by [Tree] as a site upon which......to build a suitable storeroom or building......in which......to conduct and only to conduct an orderly general mercantile business," the terms of the lease to run for five years from April 21, 1924, with an option for an additional term of five years.

Plaintiff claims that the first-named defendant violated its contract by entering into an agreement with the second-named defendant, whereby, on August 1, 1925, it leased to the latter "a piece of land at...... Shoenberger Station,......about one and one-half miles from [plaintiff's] place of business at Pemberton" for the purpose of enabling Charles "to erect a store building and to sell goods and conduct business in direct competition with him," plaintiff.

The court below found as a fact that "Shoenberger Station is a separate railway station and is distant from the store building of plaintiff approximately from three-quarters to one mile" and that it is "entirely outside of and away from the Village of Pemberton." It also found that the American Lime & Stone Co., "in addition to the lands owned by it at and in the Village of Pemberton, owns large tracts of land" at various other places in Blair, Center and Huntingdon Counties, "at which

places it operates large quarries and employs a large number of men." Another material finding which the court made was that plaintiff, in addition to erecting a store building on the property leased to him, had "also erected on other parts of said lot gasoline and oil tanks," and, in addition to conducting his general mercantile business in the building erected by him on the leased property, is "conducting a general gasoline and oil service station"; that defendant Charles had erected on the property which the company had leased to him "a gasoline and oil station and a small building which is used as a rest room, and, in connection with said rest room, he sells bread, sandwiches, ice cream, candy, soft drinks, tobacco, cigars, cigarettes and emergency automobile accessories," constituting the competition complained of by plaintiff. The court likewise found that, when the contract and lease was made with plaintiff, "the operation of a gasoline and oil station at Pemberton by plaintiff, for the accommodation of the traveling public, was not mentioned or in contemplation of either of the parties."

On the above findings the court below concluded that the lease to Charles "does not constitute a violation of the agreement between Tree and defendant company," and that Charles "is not operating his business at Shoenberger Station in violation of the agreement just above mentioned." We agree with both these conclusions.

As well said by the learned chancellor who wrote the adjudication in this case, while defendant company agreed that it would not finance or permit to be operated any other mercantile business upon any property belonging to it, the contract as a whole plainly shows that by the phrase "any property" the parties undoubtedly meant property in the Village of Pemberton, and not to include all the land and holdings of the corporation. In addition, the court below states in its opinion that there is no "real competition" between plaintiff and defendant Charles "for the trade of the employees of the

[two] corporations" that entered into the contract with plaintiff, but that the real competition between them is for the trade of the travellers on the highway, which trade "was not within the view of the parties" when the contract and lease between defendant company and plaintiff was executed.

All assignments of error are overruled and the decree of the court below is affirmed at cost of appellant.